**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4753

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELEAZAR RAMIREZ-IBANEZ, a/k/a Gordo, a/k/a FNU
FNU, a/k/a Lechon,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CR-02-94)

Submitted:  August 27, 2004        Decided:  September 14, 2004

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Danielle B. Obiorah, MASON-WATSON, OBIORAH & SINGLETARY, Charlotte,
North Carolina, for Appellant.  Gretchen C. F. Shappert, United
States Attorney, Jennifer Marie Hoefling, Assistant United States
Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eleazar Ramirez-Ibanez was convicted following his guilty plea to conspiring to possess with the intent to distribute, and to distribute, 1000 kilograms or more of marijuana, five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (2000), and to conspiring to import more than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 952(a), 960, and 963 (2000). The district court sentenced Ramirez-Ibanez to the statutory minimum sentence of ten years' imprisonment, to be followed by a five-year term of supervised release. See 21 U.S.C. §§ 841(b)(1)(A), 960(b)(1)(H). Ramirez-Ibanez timely appeals.

The sole issue on appeal is whether the district court erred in finding Ramirez-Ibanez ineligible for application of the safety valve provision set forth in 18 U.S.C. § 3553(f) (2000). To qualify for sentencing under the safety valve provision, a defendant must meet all five criteria set out in § 3553(f), which are incorporated into U.S. Sentencing Guidelines Manual, § 5C1.2(a)(1)-(5). A defendant who meets these criteria shall be sentenced within the guideline range without regard to any statutory minimum sentence. Id. It is undisputed that Ramirez-Ibanez satisfied four of the five requirements for application of the safety valve. The only issue is whether Ramirez-Ibanez engaged in "credible threats of violence." 18 U.S.C. § 3553(f)(2).

- 2 -

In general, this Court reviews a district court's factual findings for clear error and its application of the sentencing guidelines de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In conducting this review, this Court gives due regard to the district court's opportunity to judge the credibility of witnesses. 18 U.S.C. § 3742(e) (2000). Credibility determinations by the fact finder are rarely disturbed on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Based on a recorded telephone conversation and the eyewitness account of a Government agent, the district court found Ramirez-Ibanez had used threats of violence, which rendered him ineligible for application of the safety valve. Based on our review of the record, we cannot say that the district court's determination that Ramirez-Ibanez engaged in credible threats of violence was clearly erroneous.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED